[No. C040876. Third Dist. Apr. 11, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSHUA MARK O'CONNELL, Defendant and Appellant.

**COUNSEL**

Joseph B. deIlly, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, J. Robert Jibson and Charles A. French, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**MORRISON, J.**—Joshua Mark O'Connell was convicted of several drug offenses and referred to a drug treatment program. The trial court terminated appellant from the program after he failed to attend any sessions. In this appeal we reject appellant's claim that his termination was based on inadmissible hearsay. We will remand the case, however, because the court ordered appellant to pay for the costs of probation supervision without inquiring into his ability to pay.

### FACTS AND PROCEEDINGS

Appellant was charged by complaint with one count of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and one count of misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364).

Appellant pleaded guilty to both counts on July 31, 2001. Appellant was placed on probation for three years on condition he participate in the deferred entry of judgment program, which required, inter alia, that he attend drug counseling sessions.

On January 8, 2002, appellant's probation officer filed a report requesting that appellant show cause why he should not be terminated from the deferred entry of judgment program due to too many absences. Attached to the report was an "Adult Drug Program Termination Report" prepared by Sam Beasley, the program manager for Valley Community Counseling Services. This document stated that appellant had been terminated from the program as a result of too many absences. It stated: "This client completed 0 of 20 Sessions."

On January 17, 2002, the court held an arraignment hearing on appellant's alleged failure to participate in the deferred entry of judgment program. At that hearing, appellant explained that he was unable to attend his work project assignment or Valley Community Counseling because "I was never able to start work and wasn't able to pay the fines and that's why I didn't go." Appellant also failed to report to the jail in Stockton because "I had no way to get there or anything."

At a subsequent hearing on appellant's alleged violation of the deferred entry of judgment program, appellant objected to Beasley's report on hearsay grounds.

In response, the court stated: "I'll indicate here for both counsel that the cases the Court is familiar with allow documentary evidence during the

normal course, sometimes called the Government Records Exception, but it is, frankly, hearsay as you are indicating, but it does allow such documentation to be received, especially in probation violation proceedings and with specific case authority cited in this court many times to reflect that.

"The objections are always noted and, frankly, it's typically found that they go to the weight and the reliability of the documents rather than the threshold for admission.

"In this case we have got the file that came out of this court from the plea on July 31st. The transcript of that plea is present in the court file. The Court ordered Mr. O['C]onnell to attend a certain program through Valley Community in that proceeding.

"The referrals back both from Valley Community and from the probation department reference this court file and it also references the particular sentencing procedure that we have the transcript of.

"So, frankly, the authenticity of the return from the program and from probation appears sufficiently based here and shown to the Court."

Thereafter the court found appellant in violation of the deferred entry of judgment program. The court placed appellant on probation for five years, referred him to a Proposition 36 program, and ordered him to pay the reasonable costs of probation supervision.

DISCUSSION

*Alleged Hearsay Violation*

Relying principally on *People v. Arreola* (1994) 7 Cal.4th 1144 [31 Cal.Rptr.2d 631, 875 P.2d 736] (*Arreola*), and *People v. Winson* (1981) 29 Cal.3d 711 [175 Cal.Rptr. 621, 631 P.2d 55] (*Winson*), appellant argues he should not have been found in violation of the deferred entry of judgment program because the finding was based on inadmissible hearsay.

In *Arreola, supra,* 7 Cal.4th at page 1150, the defendant objected on several grounds to the use of a preliminary hearing transcript at a probation revocation hearing. The defendant asserted hearsay and lack of foundation in that there had been no showing of the declarant unavailability or other good cause. The trial court admitted the transcript without finding good cause. (*Id.* at p. 1151.) Reaffirming its holding in *Winson, supra,* 29 Cal.3d 711, *Arreola* concluded that the arresting officer's testimony at a preliminary hearing on

new charges forming the basis for revocation of probation was inadmissible at the probation revocation hearing absent a showing of good cause or witness unavailability. (*Arreola, supra,* 7 Cal.4th at pp. 1159-1161.) *Arreola* explained the rule in *Winson* that a transcript of preliminary hearing testimony is an improper substitute for live testimony at a revocation hearing was not modified by its decision in *People v. Maki* (1985) 39 Cal.3d 707 [217 Cal.Rptr. 676, 704 P.2d 743] (*Maki*). (*Arreola, supra,* 7 Cal.4th at pp. 1153-1157.)

In *Maki* the court noted its qualification in *Winson, supra,* 29 Cal.3d 711, that the right of confrontation is "not absolute and where ' "appropriate," witnesses may give evidence by document, affidavit or deposition [citations].' [Citation.]" (*Maki, supra,* 39 Cal.3d at p. 710.) The court concluded that a car rental invoice with defendant's signature was sufficiently trustworthy. (*Id.* at pp. 714-717.)

"There is an evident distinction between a transcript of former live testimony and the type of traditional 'documentary' evidence involved in *Maki* that does not have, as its source, live testimony. [Citation.]" (*Arreola, supra,* 7 Cal.4th at p. 1157.)

■ "As long as hearsay testimony bears a substantial degree of trustworthiness it may legitimately be used at a probation revocation proceeding. [Citations.] In general, the court will find hearsay evidence trustworthy when there are sufficient 'indicia of reliability.' [Citation.] Such a determination rests within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. [Citation.]" (*People v. Brown* (1989) 215 Cal.App.3d 452, 454-455 [263 Cal.Rptr. 391].)

■ The standard of proof required at a probation violation hearing is a preponderance of the evidence to support the violation. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441, 447 [272 Cal.Rptr. 613, 795 P.2d 783]; *People v. McGavock* (1999) 69 Cal.App.4th 332, 337 [81 Cal.Rptr.2d 600].)

■ The alleged inadmissible hearsay in the present case consisted of a single-page report from Sam Beasley, the program manager of Valley Community Counseling Services. The report stated that appellant had been terminated from the program due to "Too Many Absences." Beasley added: "This client completed 0 of 20 sessions."

Contrary to appellant's assertions, we believe Beasley's report is akin to the documentary evidence that traditionally has been admissible at probation revocation proceedings. Unlike the fact patterns in *Winson, supra,* 29 Cal.3d

711 and *Arreola, supra,* 7 Cal.4th 1144, where the prosecution proposed to use former testimony, Beasley's report was prepared contemporaneously to, and specifically for, the hearing where appellant's lack of compliance with the deferred entry of judgment program was at issue.

The court noted that such reports were routinely received without undertaking the added burden of calling the author to authenticate it because the reports were prepared in response to a referral from the court.

Appellant's only response was to speculate that the reports were unreliable. Defense counsel stated: "If the district attorney is just going to present this, basically, Complaint as their evidence that Mr. O['C]onnell has violated his deferred entry of judgment, you are denying Mr. O['C]onnell his right to cross-examine these witnesses who would have accused him, and how do we know that this is reliable? How do we know how many absences Mr. O['C]onnell has? How do we know who kept these records and whether or not roll was taken."

The difficulty we have with defense counsel's ruminations is that they do not, without more, undermine the trial court's conclusion that Beasley's report bore the requisite indicia of reliability and trustworthiness so as to be admissible. Our conclusion is buttressed by appellant's apparent admission at the January 17, 2001, hearing that he had not undertaken jail time, work project, and counseling due to financial and transportation difficulties. In sum, if there be error, it was harmless.

*Probation Costs*

Turning to the issue of costs of probation supervision, appellant contends the court erred by ordering him to pay such costs without inquiring into his ability to pay, as required by Penal Code section 1203.1b.[1]

Here, there is no indication that the probation department or the court made a determination of appellant's ability to pay for formal probation

---

[1]Penal Code section 1203.1b, subdivision (a), governs payment by a defendant of probation-related costs. It provides in pertinent part: "(a) In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court, and in any case in which a defendant is granted probation or given a conditional sentence, the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence, of conducting any preplea investigation and preparing any preplea report pursuant to Section 1203.7, of conducting any presentence investigation and preparing any presentence report made pursuant to Section 1203, . . . The reasonable cost of these services and of probation supervision or a conditional sentence shall not exceed the amount determined to be the actual average cost thereof. A payment schedule for the reimbursement

supervision, or that appellant was ever informed by anyone of his right to a court hearing on his ability to pay, or that appellant knowingly and intelligently waived such a hearing, as required by section Penal Code section 1203.1b. (See *People v. Bennett* (1987) 196 Cal.App.3d 1054, 1056-1057 [242 Cal.Rptr. 380].)

The People concede the case should be remanded to allow the trial court to take a knowing and intelligent waiver of a hearing from defendant or to conduct a hearing as provided in Penal Code section 1203.1b.

We note that any order for payment of probation costs should be imposed not as a condition of probation but rather as a separate order. (*People v. Hart* (1998) 65 Cal.App.4th 902, 906-907 [76 Cal.Rptr.2d 837].)

DISPOSITION

The portion of the order granting probation that requires appellant to pay the costs of probation pursuant to Penal Code section 1203.1b is vacated. The case is remanded to the trial court for the redetermination of probation-related costs as discussed in the opinion. The order placing defendant on probation is otherwise affirmed.

Sims, Acting P. J., and Nicholson, J., concurred.

---

of the costs of preplea or presentence investigations based on income shall be developed by the probation department of each county and approved by the presiding judge of the superior court. The court shall order the defendant to appear before the probation officer, or his or her authorized representative, to make an inquiry into the ability of the defendant to pay all or a portion of these costs. The probation officer, or his or her authorized representative, shall determine the amount of payment and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay. *The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver.*" (Italics added.)