Filed 4/19/13  P. v. Zuniga CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G046419 |
| v. | (Super. Ct. No. 11CF2422) |
| ADRIAN GARDUNO ZUNIGA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed as modified in part, and reversed and remanded in part.

Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Adrian Garduno Zuniga was convicted of possessing and transporting a controlled substance, and pled guilty to driving with a suspended license. Defendant does not challenge his convictions; the only issues raised on appeal are related to defendant's sentence.

First, defendant argues, and the Attorney General concedes, that the trial court imposed an invalid restitution fine. We will order the judgment modified to reflect the correct fine amount.

Second, defendant argues the trial court incorrectly calculated his presentence custody credits. We agree, and remand the matter to the trial court to make a correct award of presentence custody credits.

Finally, defendant argues the trial court erred by ordering him to pay reasonable probation costs without first determining his ability to pay. We agree, and remand to allow the trial court to make a determination of defendant's ability to pay reasonable probation costs.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Because the issues raised on appeal by defendant are unrelated to the specifics of the underlying crimes, we provide an abbreviated summary of the relevant facts. Defendant was arrested after a police officer observed him driving erratically. The arresting officer found bindles of cocaine in defendant's hand and inside the car that defendant was driving.

A jury convicted defendant of transportation of a controlled substance (Health & Saf. Code, § 11352, subd. (a)), and possession of a controlled substance (*id.*, § 11377, subd. (a)). In a bifurcated proceeding, defendant pled guilty to driving a motor vehicle while his driving privilege was suspended or revoked (Veh. Code, § 14601.2,

2

subd. (a)), and admitted a prior conviction for violating Vehicle Code section 14601.1, subdivision (a).

The trial court suspended imposition of sentence and placed defendant on three years' formal probation; one condition of probation was that defendant serve 214 days in jail, with credit for time served totaling 214 days (143 days of actual custody and 71 days of conduct credit). Defendant was also ordered to pay a mandatory state restitution fine of $240, pursuant to Penal Code section 1202.4, subdivision (b). The court ordered defendant "to pay the cost of probation or mandatory supervision according to his ability to pay as directed by the probation or the mandatory supervision officer." Defendant timely appealed.

## DISCUSSION

### I.

*THE TRIAL COURT IMPOSED AN INVALID RESTITUTION FINE.*

Effective January 1, 2012, the minimum restitution fine, pursuant to Penal Code section 1202.4, subdivision (b)(1), increased from $200 to $240. (Stats. 2011, ch. 358, § 1.) The trial court in this case imposed a $240 fine, although the minimum restitution fine at the time the offense was committed was $200. Defendant contends the imposition of the $240 minimum restitution fine violates the ex post facto provisions of the United States and California Constitutions. The Attorney General concedes that the minimum restitution fine should be $200 in this case. We agree and will therefore order the judgment modified accordingly.

### II.

*THE TRIAL COURT MUST RECALCULATE DEFENDANT'S PRESENTENCE CUSTODY CREDITS.*

A defendant is entitled to credit for actual time spent in custody between the date of his or her arrest and his or her sentencing, as well as conduct credit when

authorized by statute and earned. (Pen. Code, §§ 2900.5, subd. (a), 4019, subd. (a)(1).) In this case, defendant spent 144 days in custody; by statute, he was entitled to an additional 72 days of good conduct credit, for a total of 216 days of presentence custody credits. At sentencing, however, the trial court awarded defendant 214 total days, with 143 days of actual credits, plus 71 days of good conduct credits.

The Attorney General argues only that defendant is not entitled to have the problem corrected on appeal because defendant did not object to the calculation of presentence credits in the trial court, and asserts that defendant can request the trial court to recalculate the credits if the incorrect calculation ever becomes an issue. She does not contend the trial court properly calculated the presentence custody credits to which defendant is entitled.

The failure to award the legally mandated amount of presentence custody credits is an unauthorized sentence that may be corrected at any time. (*People v. Gisbert* (2012) 205 Cal.App.4th 277, 280.) We remand the matter to the trial court to award defendant the correct amount of presentence custody credits.


III.

*THE TRIAL COURT MUST DETERMINE DEFENDANT'S ABILITY
TO PAY REASONABLE PROBATION COSTS.*

Defendant argues the trial court erred when it ordered him to pay reasonable probation costs without first concluding he had the ability to pay those costs, as required by Penal Code section 1203.1b, subdivision (b).[1]

The Attorney General contends the trial court's order that defendant "pay the cost of probation or mandatory supervision according to his ability to pay as directed

_____

[1] No objection was raised by defendant in the trial court to the imposition of reasonable probation costs without a finding of ability to pay. The Attorney General, however, does not argue the issue has been forfeited on appeal. We therefore address the issue on the merits.

4

by the probation or the mandatory supervision officer" complied with Penal Code section 1203.1b, and the court did not need to determine for itself whether defendant had the ability to pay such costs.

We find the language of Penal Code section 1203.1b to be clear and unambiguous—the trial court may order a defendant to pay the reasonable costs of probation only after the court makes a determination that the defendant has the ability to pay those costs.[2]  The trial court in this case failed to do so.  We find this case indistinguishable from *People v. O'Connell* (2003) 107 Cal.App.4th 1062, 1067-1068, in which the appellate court remanded the case because "there is no indication that the probation department or the court made a determination of appellant's ability to pay for formal probation supervision, or that appellant was ever informed by anyone of his right to a court hearing on his ability to pay, or that appellant knowingly and intelligently waived such a hearing, as required by . . . Penal Code section 1203.1b.  [Citation.]"

---

[2]  Penal Code section 1203.1b provides, in relevant part:  "(a) In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court, and in any case in which a defendant is granted probation or given a conditional sentence, the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence . . . .  The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount.  The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver.  [¶] (b) When the defendant fails to waive the right provided in subdivision (a) to a determination by the court of his or her ability to pay and the payment amount, the probation officer shall refer the matter to the court for the scheduling of a hearing to determine the amount of payment and the manner in which the payments shall be made. *The court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative*."  (Italics added.)

5

We remand the matter to the trial court to make a determination of defendant's ability to pay the reasonable costs of probation. On remand, the trial court must follow the guidance of the appellate court in *People v. O'Connell*, *supra*, 107 Cal.App.4th at page 1068: "We note that any order for payment of probation costs should be imposed not as a condition of probation but rather as a separate order. [Citation.]"

DISPOSITION

The judgment is modified to reflect that the minimum restitution fine is $200. The portion of the order granting probation that requires defendant to pay the costs of probation is vacated. The case is remanded to the trial court to (1) determine whether defendant has the ability to pay the reasonable costs of probation or mandatory supervision, and (2) to award defendant the correct amount of presentence custody credits. In all other respects, the judgment is affirmed.

FYBEL, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

BEDSWORTH, J.

6