Filed 6/24/13  P. v. Huysman CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B240206 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. MA051461) |
| KENNETH LYNN HUYSMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court for Los Angeles County, Hayden A. Zacky, Judge.  Affirmed.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Kenneth Lynn Huysman appeals from a judgment of conviction after the trial court found him in violation of his probation. He contends the trial court violated his due process and confrontation rights at his probation violation hearing by allowing a probation officer to testify regarding a probation officer's report prepared by a different probation officer. We affirm the judgment.

## BACKGROUND

In a felony complaint filed in January 2011, defendant was charged with possession of methamphetamine, a violation of Health and Safety Code section 11377, subdivision (a); the complaint also alleged that defendant had suffered two prior convictions within the meaning of Penal Code section 667.5, subdivision (b). He pled guilty and admitted the prior conviction in exchange for probation under Proposition 36. Imposition of sentence was suspended, and he was placed on probation for one year with certain terms and conditions, including mandatory drug abuse counseling.

A detailed discussion of subsequent proceedings in which probation was revoked and reinstated with modifications is not required here. Suffice to say that defendant did not perform well on probation. Finally, in September 2011, the trial court revoked defendant's Proposition 36 probation, and on October 12, 2011, the court sentenced defendant to five years in prison. The court suspended execution of the sentence, however, and placed defendant on probation for three years on the condition that he serve 180 days in jail, the last 120 days of which he would serve in a live-in rehabilitation center. At the time sentence was imposed, the court ordered defendant to report to probation within 48 hours of his release from custody.

A month later, the trial court modified defendant's probation. The court vacated the order that defendant spend 120 days in a live-in drug treatment

2

program, and instead ordered that defendant spend 365 days in county jail and do a drug treatment program through the probation department. At the end of the hearing, after determining defendant's credits, the court told defendant, "Make sure that you report to probation within 48 hours of your release from custody, all right?" Defendant then asked a question about the computation of his credit time. The court answered his question, then said, "Make sure you report. You've got that five years hanging over your head. Okay?" Defendant replied, "All right."

In January 2012, the trial court received notice that defendant had failed to report to the probation department. The court preliminarily revoked probation and issued a bench warrant for defendant.

Defendant appeared before the court on February 9, 2012 for a probation violation hearing. The court began the hearing by marking, as Court Exhibit No. 1, the probation officer's desertion report. The court stated that it would rely upon the contents of the report, citing *People v. Gomez* (2010) 181 Cal.App.4th 1028.[1]

The prosecutor called as a witness Deputy Probation Officer Robin Garton. Relying upon the desertion report found in the probation file for defendant, Officer Garton testified that defendant has never reported to the probation department. Officer Garton also testified that a probation letter was mailed to defendant on December 16, 2011, telling him to report on January 5, 2012, that the author of the desertion report contacted certain recovery centers and determined that defendant was not in a treatment program, and that defendant had not made any payments to satisfy his financial obligations. On cross examination, Officer Garton admitted that the desertion report was written by a different probation officer, and that he had no personal knowledge, apart from reading the report, about what was said in

---

[1]    In light of the trial court's statement, any objection by defendant to the admission of the report would have been futile. Therefore, we reject the Attorney General's assertion that defendant forfeited any issue regarding the admission of the report by failing to object. (*People v. Sandoval* (2001) 87 Cal.App.4th 1425, 1433, fn. 1.)

3

the report. The trial court then questioned Officer Garton, confirming that the records the officer relied upon were kept in the normal course of business in the probation department, and the entries were made at or near the time of the occurrence. The court also took judicial notice of the court file, particularly the court's admonition to defendant on October 12, 2011, that he was ordered to report to probation within 48 hours of his release from custody.

Defendant also testified at the probation violation hearing. On direct examination, he testified that he never received a letter from the probation department, nor did he receive anything telling him where to report or what amounts he was required to pay. On cross examination, defendant admitted that he was present in court when he was sentenced and put on probation, although he did not remember if he agreed to the terms of probation and did not recall if he was ordered to report to probation. He admitted that he never reported to probation and never paid any fine, but he asserted that he had been reporting to his parole officer once a week.

Based upon the testimony at the hearing and the desertion report, the trial court found by a preponderance of the evidence that defendant violated probation by failing to report, and lifted the stay on the previously imposed five-year sentence. Defendant timely filed a notice of appeal from the judgment.

**DISCUSSION**

Defendant contends the trial court's reliance on the probation desertion report and the testimony of a probation officer who had no personal knowledge about the facts set forth in the report violated his Sixth Amendment right to confront the witnesses against him (citing *Crawford v. Washington* (2004) 541 U.S. 36, 68; *Melendez-Diaz v. Massachusetts* (2009) 557 U.S. 305, 311), as well as

4

his right to due process (citing U.S. Const., 14th Amend.; *People v. Arreola* (1994) 7 Cal.4th 1144, 1152-1153). We disagree.

To the extent defendant asserts the trial court's reliance on the probation desertion report violated his rights under the Sixth Amendment confrontation clause, he is incorrect. "Probation revocation proceedings are not 'criminal prosecutions' to which the Sixth Amendment applies." (*People v. Johnson* (2004) 121 Cal.App.4th 1409, 1411, citing U.S. Const., 6th Amend.; *Morrissey v. Brewer* (1972) 408 U.S. 471, 480; *Gagnon v. Scarpelli* (1973) 411 U.S. 778, 781.)

To the extent defendant asserts his right to due process was violated by the trial court's consideration of the report and the testimony of a probation officer who had no personal knowledge of the facts stated in the report, variations of this same argument have been rejected by several appellate courts. (See, e.g., *People v. Gomez*, *supra*, 181 Cal.App.4th 1028 [no due process violation in admitting a probation report prepared by one probation officer based upon electronic records and records prepared by another probation officer, detailing the defendant's failure to report as instructed to his probation officer]; *People v. Abrams* (2007) 158 Cal.App.4th 396 [trial court properly admitted testimony by one probation officer regarding another probation officer's report that defendant had been directed to report to probation but had failed to do so]; *People v. O'Connell* (2003) 107 Cal.App.4th 1062 [admission of probation officer's report attaching report by manager of drug counseling program stating that defendant failed to attend the program did not violate due process].)

As the court in *People v. Abrams*, *supra*, 158 Cal.App.4th 396, noted, where the probation officer's report was "'prepared contemporaneously to, and specifically for, the hearing where [defendant's] lack of compliance' was at issue . . . the evidence from the probation reports had sufficient 'indicia of reliability'" to be admissible as a general rule. (*Id.* at p. 404.) The court explained that, although

some portions of a probation officer's report may not be admissible (such as reports of statements made by victims or witnesses), statements in the report involving "routine matters such as the making and keeping of probation appointments, restitution and other payments, and similar records of events of which the probation officer is not likely to have personal recollection and as to which the officer 'would rely instead on the record of his or her own action'" are admissible without the testimony of the author of the report. (*Id.* at p. 405, quoting *People v. Arreola, supra,* 7 Cal.4th at p. 1157.)

In the present case, the report consisted entirely of the kind of evidence found to be admissible in *Abrams* and *Gomez*. As in those cases, we find the admission of the report in this case did not violate defendant's right to due process. In any event, we conclude that even if there could have been error in admitting the report without the author's testimony, any error was harmless beyond a reasonable doubt. (*People v. Arreola*, *supra*, 7 Cal.4th at p. 1161 [applying harmless beyond a reasonable doubt standard].) Defendant testified at the revocation hearing that he had never reported to probation and had never paid any fine. Although defendant testified that he did not receive the probation orientation appointment letter, which the report states was sent to him, the trial court noted that at both the October 12, 2011 and the November 14, 2011 hearings, it ordered defendant to report to probation within 48 hours of his release from custody. Thus, defendant's testimony that he never reported constituted an admission of the probation violation.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.


We concur:




MANELLA, J.




SUZUKAWA, J.


7