Filed 6/24/13  P. v. Austin CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056895 |
| v. | (Super.Ct.No. BAF1200069) |
| BRYCE ALLEN AUSTIN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jorge C. Hernandez, Judge.  Affirmed in part; reversed and remanded in part.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

1

Pursuant to a plea agreement, defendant and appellant Bryce Allen Austin pled guilty to second degree burglary. (Pen. Code, § 459.)[1] In return, the remaining allegations were dismissed and defendant was placed on probation for a period of three years on various terms and conditions, including serving 270 days in county jail and paying the cost of probation supervision to be set by the probation department in an amount between $591.12 and $3,750.[2]

Defendant subsequently violated probation when he was arrested for being under the influence of a controlled substance (Health & Saf. Code, § 11550) and a new case was filed.[3] Defendant admitted to violating probation, and was reinstated on probation on various terms and conditions, including serving his remaining 168 days in county jail, consecutive to the other terms of 90 and 10 days in custody. On appeal, defendant contends that the matter must be remanded to allow the trial court to set the amount of the cost of probation supervision and to determine his ability to pay the cost of probation supervision. We agree and will remand the matter to the trial court for a hearing on these two issues pursuant to Penal Code section 1203.1.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] Defendant also admitted to violating probation in case No. BAM1101827.

[3] Defendant pled guilty in that subsequent case and was sentenced to 90 days in county jail. He also admitted to violating probation in case No. BAM1101827, and was sentenced to a consecutive 10-day term.

# I

## DISCUSSION[4]

On July 25, 2012, defendant admitted to violating probation in this case as well as in case No. BAM1101827. In regards to fees, the court found that defendant had no ability to pay the booking fee; and that it could do nothing about the probation department reimbursement fee. Defense counsel interjected, noting that the probation supervision fee is based on an ability pay and that "it is supposed to be assessed as the actual cost of probation," which can range from $591.12 to $3,750. The court agreed that a specific amount had to be assessed, but that amount had not yet been calculated. Defense counsel thereafter requested the matter be set for an "ability to pay hearing," or that the fee be reduced to $591.12. The following colloquy thereafter occurred between the court and defense counsel:

"THE COURT: I don't want to reduce it to the lowest because he's somebody they have to watch because he's not behaving.

"[DEFENSE COUNSEL]: I understand, your Honor.

"THE COURT: The Department of Probation charges according to how many man hours they have to expend in order to watch a person. Somebody who is on bank status, I agree with you. . . . And somebody like that, which . . . just doesn't follow any of the rules and regulations, I'm not going to reduce it to the bare minimum possible. If you want [the] Department of Probation to figure out how much they expended on him,

---

[4] The details of defendant's criminal conduct are not relevant to the limited legal issue raised in this appeal, and we will not recount them here.

that is fine. But I'm not going to do any reduction on that until he kind of proves himself. And he hasn't proven himself yet.

"[DEFENSE COUNSEL]: Your Honor, may we schedule the—

"THE COURT: When he gets out of custody, have him put himself on calendar and we'll deal with that.

"[DEFENSE COUNSEL]: Okay. Thank you."

Defendant argues that the matter must be remanded to allow the trial court to set the amount of the cost of probation supervision, and for a hearing to determine his ability to pay that fee. The People claim the appeal should be dismissed because it is not ripe. In support, they assert the record does not reflect (1) defendant has been released from custody, or (2) that he has moved for a hearing on the costs and his ability to pay.[5] In the alternative, the People agree that the matter should be remanded for a hearing on these two issues.

Section 1203.1b, subdivision (b), states in pertinent part: "The court shall order the defendant to pay the reasonable costs [of probation supervision and any presentence investigation and report] if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative." The statute describes the procedure the trial court must follow before making such an order. (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1400-1401.) The court shall

---

[5] Because the trial court was required to hold a hearing to assess the amount of the cost of probation supervision based on a defendant's ability to pay if requested by a defendant, we decline to dismiss the appeal on ripeness grounds. (See § 1203.1b, subds. (a) & (b); *People v O'Connell* (2003) 107 Cal.App.4th 1062, 1064, 1067-1068.)

first order the defendant to appear before "the probation officer, or his or her authorized representative" so that the officer may ascertain the defendant's ability to pay any part of these costs, and to propose a payment schedule. (§ 1203.1b, subd. (a).) Unless the defendant waives the right, before the court orders payment of these costs the defendant is entitled to a court hearing on his or her ability to pay them. (§ 1203.1b, subds. (a) & (b).) "The court shall [then] order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative." (§ 1203.1b, subd. (b).)

The term "'ability to pay'" is defined in section 1203.1b, subdivision (e), as "the overall capability of the defendant to reimburse the costs, or a portion of the costs, of conducting the presentence investigation, preparing the preplea or presentence report, . . . and probation supervision . . . and shall include, but shall not be limited to, the defendant's: [¶] (1) Present financial position. [¶] (2) Reasonably discernible future financial position. . . . [¶] (3) Likelihood that the defendant shall be able to obtain employment within the one-year period from the date of the hearing. [¶] (4) Any other factor or factors that may bear upon the defendant's financial capability to reimburse the county for the costs."

Where, as here, the record does not indicate that the probation officer or the trial court made a determination of defendant's ability to pay probation supervision costs, or that defendant was informed of the right to a court hearing on the ability to pay, it has been held that a remand for the purpose of compliance with section 1203.1b is warranted. (*People v. O'Connell*, *supra*, 107 Cal.App.4th at pp. 1067-1068; see also *People v.*

5

*Pacheco*, *supra*, 187 Cal.App.4th at pp. 1401, 1404.) However, a finding of ability to pay probation supervision costs may be made by the trial court as part of the sentencing process, without the necessity of a separate, formal hearing. (*People v. Phillips* (1994) 25 Cal.App.4th 62, 70.) Thus, a finding of ability to pay need not be express, but may be implied through the content and conduct of other trial court hearings. (*Id*. at pp. 71-72.)

Here, defense counsel requested a hearing on the amount of the cost of probation supervision defendant was required to pay and defendant's ability to pay the amount ordered. The court ordered the probation department to assess that cost between a certain range and ordered defendant to move for a hearing on his ability to pay once he was released from custody. In essence, defendant is not properly subject to an order to pay any particular amount of probation-related costs. At most, he is subject to an order for a determination of ability to pay that could require him to pay up to certain amounts depending on his financial ability. A defendant may not be ordered to pay the costs of probation as found by the probation officer. As quoted above, section 1203.1b clearly provides that a defendant may request a judicial hearing once the probation officer has determined the costs. The trial court must determine, at that hearing, whether defendant has the ability to pay the costs assessed by the probation officer. (§ 1203.1b, subd. (b).)

Accordingly, the matter of probation costs is remanded for proceedings consistent with section 1203.1b.

II

DISPOSITION

The matter is remanded for the trial court to conduct proceedings regarding the costs of probation consistent with section 1203.1b.  The order to pay costs of probation under section 1203.1 is vacated and set aside.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RAMIREZ
P. J.


We concur:


MILLER
J.


CODRINGTON
J.


7