Filed 10/8/14  P. v. Newell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075777 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F08183) |
| v. | |
| OLETHIA LAREE NEWELL, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

A complaint alleged that defendant Olethia Laree Newell committed two counts of grand theft (counts one & three; Pen. Code, § 487, subd. (a))[1] and two counts of second degree burglary (counts two & four; § 459).

---

[1]  Undesignated statutory references are to the Penal Code.

Defendant pleaded no contest to the burglary counts with the understanding that she would be granted probation with 240 days in custody. The trial court dismissed the remaining charges.

The stipulated factual basis for the plea was that on or about December 17, 2013, defendant stole a diamond ring worth approximately $4,700 from Macy's (count two), and on or about December 12, 2013, she stole a diamond ring worth approximately $6,400 from a different Macy's (count four).

The trial court imposed five years of formal probation, including 240 days in custody, as to count two. The court awarded defendant 73 days of presentence custody credits (37 actual days and 36 conduct days). The court ordered a $280 restitution fine (§ 1202.4, subd. (b)) and a suspended probation revocation restitution fine in the same amount (§ 1202.44). The court also ordered defendant to pay $450 in restitution to "Macy's El Camino," the victim in count four. (§ 1202.4.) In addition, the court directed defendant to report to the Department of Revenue Recovery for a financial evaluation and a recommendation as to her ability to pay the costs of $702 for the presentence report and $46 per month for probation supervision; the court specified that these were court-ordered fees, not conditions of probation.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We direct the trial court, however, to amend the probation order by replacing the erroneous award of 37 days of presentence custody credits with the correct award of

2

73 days, and by inserting the statutes under which the costs of the presentence report preparation and probation supervision are potentially payable. (See *People v. High* (2004) 119 Cal.App.4th 1192, 1200-1201; *People v. O'Connell* (2003) 107 Cal.App.4th 1062, 1067-1068 & fn. 1.)

## DISPOSITION

The trial court is directed to correct the probation order in accordance with this opinion. The judgment is affirmed.


                                                                          RAYE            , P. J.



We concur:



            BLEASE            , J.



            DUARTE            , J.


3