Filed 1/14/16  P. v. Demelew CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066802 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCD234065, SCD242123) |
| DAWIT H. DEMELEW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Affirmed as modified.

Marianne Harguindeguy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., Randall Einhorn and Stacy A. Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

In July 2011, Dawit H. Demelew pleaded guilty to assault by means of force likely to cause great bodily injury (Pen. Code,[1] § 245, subd. (a)(1)). Demelew was granted probation for three years.

In August 2012, Demelew pleaded guilty to burglary (§ 459) and admitted the crime was committed in association with a criminal street gang (§ 186.22, subd. (b)(1)).

Probation was revoked in the assault case and Demelew was reinstated to probation. He was granted probation in the burglary case.

In February 2014 Demelew's probation was again revoked. Thereafter the court imposed a suspended six-year prison term and reinstated Demelew to probation.

On June 15, 2014, Demelew was arrested for probation violations regarding curfew and gang member association. Following an evidentiary hearing the court found Demelew in violation of probation. The court sentenced Demelew to prison for the previously suspended six-year term.

Demelew appeals contending the court erred in admitting hearsay evidence at the probation revocation hearing, that the evidence was not sufficient to support a finding he violated probation, and that the court erred in finding it did not have discretion to adjust the previously suspended six-year term. The People contend the hearsay issue has been forfeited by failure to object at the hearing, that the evidence supports the finding of probation violation, that the court had no discretion to modify a previously imposed prison term, and that the abstract of judgment must be modified to reflect the correct

---

1    All further statutory references are to the Penal Code unless otherwise specified.

term.  Somewhat predictably, Demelew argues, in his reply brief that trial counsel was ineffective for failing to object to the hearsay evidence.

We will find the hearsay issue forfeited for failure to object.  The evidence was sufficient to support the finding of probation violation.  The trial court did not have discretion to modify a previously suspended prison sentence.  Demelew has not met his burden to show that trial counsel was ineffective, and that the abstract of judgment must be amended.

### STATEMENT OF FACTS

Demelew's probation officer, Rene Cruz, testified that Demelew's probation order include a curfew condition which required him to not be out between 8:00 p.m. and 6:00 a.m.

Cruz was called by police officers at about 5:00 a.m. on June 15, 2014.  The officers told Cruz that there had been a fight involving a large group of individuals at a hookah lounge on University Avenue.  Cruz was advised that Demelew had been arrested, together with a man named Mahad Ahmed, a Mission Clic gang member.

Cruz then checked San Diego Police records and learned that Ahmed was a member of the Mission Clic street gang.  Cruz also learned that Demelew had visited Ahmed in jail some years before the arrest.

A couple of days later, Demelew called Cruz and said that he had been out after curfew because he had previously had an argument with his father and had been kicked out of the house.

3

Cruz testified that gang members would know each other if the gang had 80 members or less. He did not know how many members the Mission Clic gang had but estimated it was less than 100. Cruz acknowledged that some gang members might not know each other.

Demelew's father testified that he had kicked Demelew out of the house in June 2014 for speaking disrespectfully to him.

DISCUSSION

I

*ADMISSIBILITY OF HEARSAY EVIDENCE*

At the probation revocation hearing, without objection, the trial court admitted the probation officer's hearsay statement of the information relayed to him by police. Demelew contends that although hearsay evidence is admissible in probation revocation proceedings, the court should not have admitted such evidence in this case. The People argue that the issue has been forfeited by failure to object in the trial court. Demelew responds that trial counsel was ineffective.

A. Forfeiture

Hearsay evidence is admissible in probation revocation proceedings. (§ 1203.2, subd. (a); *People v. O'Connell* (2003) 107 Cal.App.4th 1062, 1066.) Ordinarily the question is the reliability of the hearsay evidence. The trial court's decision will not be overturned in the absence of a clear showing of abuse of discretion. (*People v. Abrams* (2007) 158 Cal.App.4th 396, 400.)

4

In order to preserve an evidentiary issue for appellate review, a party is required to make a contemporaneous objection on the proper grounds. (*People v. Buford* (1974) 42 Cal.App.3d 975, 982-983.) Making such objection provides the trial court with the opportunity to correct any actual errors. It also provides the appellate court with a complete record in order to evaluate the trial court's exercise of discretion.

In the present case there was no objection to the probation officer's testimony. In fact, counsel used the probation officer to introduce Demelew's exculpatory statements, without requiring him to testify and be subject to cross-examination. Counsel did argue that in light of *People v. Maki* (1985) 39 Cal.3d 707, the trial court should cautiously weigh the probation officer's testimony since it was based principally on hearsay.

In his reply brief, Demelew does not dispute that the objection could be deemed forfeited. Rather he contends we should not apply the doctrine because an objection would have been futile. There is simply nothing in the record to support a finding of futility and we decline to make such finding.

Not only was no objection made to the probation officer's testimony, the testimony was affirmatively used by defense counsel to advance Demelew's excuse for both the curfew and gang association issues. We find the current objection to the use of hearsay evidence has been forfeited. We will not address the merits of the appellate challenge to the admissibility of the evidence.

### B. Ineffective Assistance of Counsel

In his reply brief Demelew argues that if forfeiture is applied, then trial counsel was ineffective for failing to object. We disagree.

5

In order to establish ineffective assistance of counsel, a defendant has the burden to show that counsel's performance fell well below the standard of reasonableness under prevailing professional norms and that the deficiency undermined the fairness of the defendant's trial. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.)

Demelew baldly states that competent counsel would have objected and thus counsel in this case was ineffective. There are several problems with Demelew's position. First, we must give great deference to the tactical decisions of trial counsel. (*People v. Mayfield* (1993) 5 Cal.4th 142, 199.) Second, this record does not disclose trial counsel's strategy regarding the decision not to object to the evidence. We know from counsel's argument that counsel was aware that hearsay is admissible in such proceedings. Counsel did use the hearsay to the defendant's advantage and did argue applicable case law in urging the trial court to carefully consider the evidence because it was in fact hearsay, even if admissible. There is nothing in this record to even hint counsel was not prepared, or did not understand the law. Indeed we do not know why trial counsel approached the case in this manner. There is certainly nothing in this record to show that no reasonable attorney would have approached the case in this fashion. In short, Demelew has not come close to meeting his burden of proof to demonstrate ineffective assistance of counsel. His remedy, if any, is not by way of this appeal, but instead lies in a possible petition for writ of habeas corpus, where an adequate record might be developed. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

6

II

*SUFFICIENCY OF THE EVIDENCE*

Demelew next contends the evidence introduced at the probation revocation hearing was not sufficient to show he willfully violated the conditions of his probation. We again disagree.

In order to show a violation of probation, the government must prove, by a preponderance of the evidence, that the defendant willfully violated one or more of the conditions of his or her probation. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 446-447.) We review the trial court's decision under the substantial evidence standard of review. (*People v. Superior Court* (*Jones*) 1998) 18 Cal.4th 667, 681.)

In this case, Demelew was arrested by police in the early morning hours at the scene of a fight. At the time of his arrest he was in the company of a member of the Mission Clic criminal street gang named Ahmed. Demelew clearly knew Ahmed as he had visited Ahmed in jail several years before this incident.

Demelew's excuse for being out after curfew was that at some time before the incident he had been kicked out of his father's house. He told police that he and his girlfriend were simply out looking for a place to stay. The trial court expressly rejected his explanation as not credible.

Considering the evidence in the light most favorable to the trial court's decision, the fact finder could reasonably conclude Demelew was not out, with his gang member friend in the early morning hours, in search of a place to stay. Rather, the court could reasonably find that Demelew was willfully out after curfew and was knowingly

associating with a member of a street gang.  Given Demelew's dismal history of crimes, probation violations and more crime, the trial court acted well within its discretion in deciding to revoke Demelew's probation.  (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.)

## III

### *EXECUTION OF THE SUSPENDED SENTENCE*

Demelew next contends the trial court erred in finding it did not have discretion to modify the previously imposed, but suspended six-year prison term.  His contention is without merit.

"[W]here a sentence has actually been imposed but its execution suspended, '[t]he revocation of the suspension of execution of the judgment brings the former judgment into full force and effect.' "  (*People v. Howard* (1997) 16 Cal.4th 1081, 1087; § 1203.2, subd. (c).)

In February 2014, a judge imposed a six-year prison term, but suspended execution of the sentence and reinstated Demelew to probation.  Thus, when the court in this matter again revoked probation and determined not to again reinstate probation, all that was left for the court to do was to put the prior judgment into "full force and effect." (*People v. Howard, supra*, 16 Cal.4th at p. 1087.)

IV

*THE ABSTRACT OF JUDGMENT*

The abstract in this case reflects a six-year term, but calculates it as two years for burglary, three years for the gang enhancement and one year for the assault. As the People point out the abstract does not reflect the oral pronouncement of sentence.

In February 2014, the court imposed, and suspended a six-year term as follows: three years for the burglary, a consecutive three years for the gang enhancement and a concurrent three-year term for the assault. The People contend the abstract should be amended. Demelew has not objected to such amendment. Accordingly, we will order the abstract of judgment be amended.

DISPOSITION

The superior court is directed to amend the abstract of judgment to correctly reflect the oral pronouncement of sentence in February 2014 as set forth in this opinion. The court is directed to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


AARON, J.

9