[No. G013885. Fourth Dist., Div. Three. June 15, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
ELIGIO MONETTE, Defendant and Appellant.

**COUNSEL**

Fay Arfa, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General,

Keith I. Motley and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**WALLIN, J.**—Eligio Monette appeals from the order revoking his probation for possession of a handgun and sentencing him to three years for his conviction for the sale of cocaine. He claims his trial counsel rendered ineffective assistance by failing to object to the prosecution's violation of the corpus delicti rule and to the admission of his inculpatory statement to his probation officer. We affirm.

Monette pleaded guilty to charges of selling cocaine and possessing heroin and cocaine for sale. (Health & Saf. Code, §§ 11352, 11351.) He was placed on probation for three years on the condition, inter alia, that he not use or possess any type of dangerous or deadly weapon. About 15 months into the probationary period, police officers searched the apartment where Monette was living and found a weapon. At the probation revocation hearing, Officer Michael Acquino testified there were two twin beds in one of the bedrooms, each with built in drawers under the box springs. Acquino searched the area of one bed and found a loaded .25-caliber automatic handgun and ammunition behind one of the drawers and some photographs of Monette with friends inside another. On the headboard of the bed Acquino found letters addressed to Monette. Monette's probation officer, Wayne Alonso, testified that two days later, Monette appeared at a regularly scheduled meeting with him and told him about the search. Monette explained he was "holding on to the gun for a neighbor" as collateral for a $50 loan.

Monette and his brother both testified the brother was holding the gun for the neighbor and that the bed belonged to someone else in the household. Monette admitted telling Alonso about the gun but said he had taken it "because I didn't want my brother to have any problems." The trial court found Monette had violated his probation by possessing a loaded weapon, and sentenced him to three years in prison.

I

 Monette first argues his trial counsel erred by failing to object to the prosecution's violation of the corpus delicti rule. He claims the evidence was insufficient to establish the corpus delicti of the crime of illegal weapons possession independently of his admission to Alonso. (*People v. Wright* (1990) 52 Cal.3d 367, 403 [276 Cal.Rptr. 731, 802 P.2d 221].)

██ In every criminal prosecution, it is necessary to establish the corpus delicti, i.e., the body or elements of the crime. These elements are "(1) the injury, loss or harm, and (2) the criminal agency that has caused the injury, loss or harm." (*People* v. *Wright, supra*, 52 Cal.3d at p. 404.) ██ Monette argues the second element was missing because the possession of the weapon by *someone* living in his home was not a crime; only *his* possession of it was criminal, due to his probationary status. (Pen. Code, § 12026, subd. (a).) And he claims there was no evidence to link him to the gun other than his admission to Alonso.

The nature of a probation revocation hearing, however, does not require the application of the corpus delicti rule. "In placing a criminal on probation, an act of clemency and grace [citation], the state takes a risk that the probationer may commit additional antisocial acts. Where probation fails as a rehabilitative device, as evidenced by the probationer's failure to abide by the probation conditions, the state has a great interest in being able to imprison the probationer without the burden of a new adversary criminal trial. [Citation.]" (*People* v. *Rodriguez* (1990) 51 Cal.3d 437, 445 [272 Cal.Rptr. 613, 795 P.2d 783].) The role of the trial court at a probation revocation hearing is not to determine whether the probationer is guilty or innocent of a crime but whether he can be safely allowed to remain in society. (*People* v. *Hayko* (1970) 7 Cal.App.3d 604, 610 [86 Cal.Rptr. 726].)

Penal Code section 1203.2 provides the court may revoke probation if it has reason to believe that the person has violated any of the probation conditions. More lenient rules of evidence apply than at criminal trials (*People* v. *Fuller* (1983) 148 Cal.App.3d 257 [210 Cal.Rptr. 1]), and the facts supporting revocation need only be proved by a preponderance of the evidence (*People* v. *Rodriguez, supra*, 51 Cal.3d 437). Because the probation revocation hearing differs so substantially from a criminal prosecution, the corpus delicti rule is inapplicable.[1] Monette's counsel did not err by failing to object on that ground.

## II

██ Monette contends his counsel also erred by failing to object to the admission of his statement to Alonso, claiming out of court statements by a

---

[1] This holding is in accord with other jurisdictions squarely considering the issue. (*State* v. *Lay* (1976) 26 Ariz.App. 64 [546 P.2d 41]; *Selph* v. *State* (1978) 264 Ark. 197 [570 S.W.2d 104]; *State* ex rel. *Russell* v. *McGlothin* (Fla.Dist.Ct.App. 1983) 427 So.2d 280; *In re R.D.* (1989) 178 Ill.App. 681 [128 Ill.Dec. 33, 533 N.E.2d 1121]; *Shumaker* v. *State* (Ind.Ct.App. 1982) 431 N.E.2d 862; *State* v. *Sanchez* (1990) 109 N.M. 718 [790 P.2d 515]; *Commonwealth* v. *Kavanaugh* (1984) 334 Pa.Super 151 [482 A.2d 1128]; *Smith* v. *State* (1954) 160 Tex.Crim. 438 [272 S.W.2d 104]. But see *Carter* v. *State* (Ala.Crim.App. 1980) 389 So.2d 601; *Robinson* v. *State* (1980) 154 Ga.App. 591 [269 S.E.2d 86]; *In Interest of Ferguson* (Miss. 1975) 317 So.2d 899.)

criminal defendant to his probation officer have traditionally been excluded from proceedings against him. (See *Ramona R.* v. *Superior Court* (1985) 37 Cal.3d 802, 803 [210 Cal.Rptr. 204, 693 P.2d 789]; *In re Wayne H.* (1979) 24 Cal.3d 595 [156 Cal.Rptr. 344, 596 P.2d 1]; *People* v. *Hicks* (1971) 4 Cal.3d 757 [94 Cal.Rptr. 393, 484 P.2d 65]; *People* v. *Harrington* (1970) 2 Cal.3d 991 [88 Cal.Rptr. 161, 471 P.2d 961].) In each of these cases, however, the prohibited use of the statement was in a proceeding relating to an adjudication of guilt, not in a probation revocation hearing. The purpose of the use immunity is to allow the probation officer "to get full cooperation from a defendant [by advising him] that any statement he makes will be used only for the information of the court in a probationary hearing. . . . [I]f [defendants] knew their damaging admissions could be used against them in another trial they would not talk freely and the purpose of the interview would be frustrated." (*People* v. *Alesi* (1967) 67 Cal.2d 856, 862 [434 P.2d 360].)

Similarly, the rationale of *People* v. *Coleman* (1975) 13 Cal.3d 867 [128 Cal.Rptr. 384, 533 P.2d 1024] and its progeny, also cited by Monette, is to preserve a criminal defendant's right against self-incrimination by excluding testimony given at a probation revocation hearing from a subsequent trial on criminal charges arising from the probation violation. "[T]he *Coleman* rule operates to exclude probation revocation hearing testimony *at the subsequent trial on the underlying criminal charge*; it has no effect on the admissibility of evidence presented at the revocation hearing itself." (*People* v. *Weaver* (1985) 39 Cal.3d 654, 658 [217 Cal.Rptr. 245, 703 P.2d 1139], italics in original.)

As discussed *ante*, a probation revocation hearing is substantially different from a criminal prosecution. The interest of the state in monitoring the probation compliance of a convicted offender mandates the inclusion of his admission, and Monette's counsel did not err in failing to object on that ground.

The order revoking probation and sentencing Monette to prison is affirmed.

Sills, P. J., and Crosby, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 22, 1994.