[No. A081145. First Dist., Div. Five. Jan. 20, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL McGAVOCK, Defendant and Appellant.

**COUNSEL**

A. Charles Dell'Ario, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEVENS, J.**—We hold here as a matter of first impression that the evidentiary rule stated in Penal Code[1] section 1111, requiring corroboration of accomplice testimony, does not apply in probation revocation proceedings.

### I. FACTS AND PROCEDURAL HISTORY

Appellant Michael McGavock was placed on probation following his conviction for willfully inflicting corporal injury. (§ 273.5.) Shortly thereafter, appellant and an accomplice set out to steal refrigerated meat from an Oakland company, Pacific Coast Container. The two men cut holes through two fences, opened up trailers, and unloaded cases of meat, at which point the police arrived to prevent completion of the thefts. Appellant's accomplice was caught at the scene by police, but appellant escaped.

In this appeal, appellant contends that the order of revocation and the subsequent sentence to state prison must be reversed because the trial court's finding of a probation violation was based wholly on uncorroborated accomplice testimony in contravention of section 1111. We disagree.

### II. DISCUSSION

Section 1111 provides: "A *conviction* cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. [¶] An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." (Italics added.)

Section 1111 dates back at least to section 375 of the Criminal Procedure Act of 1851, which enacted the first paragraph of what is now section 1111. (Stats. 1851, ch. 29, § 315, pp. 252-253.) The statute is designed to prevent lay jurors from arriving at a verdict of conviction as to a defendant, based solely upon evidence which is possibly tainted by an accomplice's desire to secure leniency through implicating others. (See *People* v. *Coffey* (1911) 161 Cal. 433, 437-438 [119 P. 901]; cf. *People* v. *Guiuan* (1998) 18 Cal.4th 558, 565 [76 Cal.Rptr.2d 239, 957 P.2d 928].)

The parties have cited no California case, and our own research has found none, which has decided the question of whether section 1111 applies

---

[1]All subsequent statutory references are to the Penal Code.

in probation revocation proceedings. However, there is no shortage of California appellate cases dealing with analogous subject matter. These decisions lend support to the Attorney General's argument that section 1111 has no application to probation revocation hearings. Additionally, out-of-state authority has also declined to apply the accomplice corroboration rule in such proceedings.

██ For example, in the case of *In re Mitchell P.* (1978) 22 Cal.3d 946, 949 [151 Cal.Rptr. 330, 587 P.2d 1144], our Supreme Court held that section 1111 was inapplicable to juvenile proceedings. The rationale for this holding was based upon the court's recognition that a finding of wardship in juvenile proceedings has uniformly been held to not constitute a "conviction" within the meaning of section 1111, and that the corroboration of accomplice testimony becomes less essential when the trier of fact is always a judge rather than a jury. (*In re R. C.* (1974) 39 Cal.App.3d 887, 895-897 [114 Cal.Rptr. 735]; *In re D. L.* (1975) 46 Cal.App.3d 65, 73 [120 Cal.Rptr. 276]; *In re Eugene M.* (1976) 55 Cal.App.3d 650, 657 [127 Cal.Rptr. 851].) The *Mitchell P.* court reasoned: "Accomplice testimony is generally suspect because it may have been proffered in the hope of leniency or immunity, and thus greater weight may be accorded such testimony than is warranted. [Citation.] However, when a judge rather than a jury is trier of fact it is not unreasonable to assume he is more critical of accomplice testimony and more likely to accord it appropriate weight. Although juries are generally required upon demand by defendant in a criminal proceeding, the state is not constitutionally compelled to provide a jury in juvenile proceedings [citation], the juvenile court judge or referee being the trier of fact. [Citation.] It thus follows there is less reason for application of the arbitrary accomplice corroboration rule in juvenile court proceedings." (22 Cal.3d at pp. 951-██ ██ Similar reasoning obtains in probation violation hearings.

Stressing the importance of flexibility and accommodation, *People* v. *Maki* (1985) 39 Cal.3d 707, 714-717 [217 Cal.Rptr. 676, 704 P.2d 743] (*Maki*) addressed the *quality* of evidence subject to admission in probation revocation hearings by approving the receipt of otherwise inadmissible hearsay evidence, if accompanied by indicia of reliability. Noting that probation revocation hearings are not governed strictly by the rules of evidence and that the purpose served by such proceedings is different than that served by criminal prosecutions, the *Maki* court recognized that the desirable goals of flexibility and accommodation would not be accomplished if the proceedings were burdened by the full panoply of rights accorded criminal defendants. (*Id.* at pp. 714-716.) Extending the evidentiary rule of section 1111 to probation violation hearings would run counter to the purpose and goals to be achieved by these proceedings.

■ Also helpful is *People* v. *Monette* (1994) 25 Cal.App.4th 1572, 1575 [31 Cal.Rptr.2d 203] (review den.) (*Monette*), which addressed another prophylactic evidentiary rule (corpus delicti) in the context of probation revocation proceedings. Concluding that the corpus delicti rule did not apply in these proceedings, *Monette* placed considerable weight upon the distinction between probation revocation hearings and criminal trials: "The nature of a probation revocation hearing, however, does not require the application of the corpus delicti rule. 'In placing a criminal on probation, an act of clemency and grace [citation], the state takes a risk that the probationer may commit additional antisocial acts. Where probation fails as a rehabilitative device, as evidenced by the probationer's failure to abide by the probation conditions, the state has a great interest in being able to imprison the probationer without the burden of a new adversary criminal trial. [Citation.]' (*People* v. *Rodriguez* (1990) 51 Cal.3d 437, 445 . . . .) The role of the trial court at a probation revocation hearing is not to determine whether the probationer is guilty or innocent of a crime but whether he can be safely allowed to remain in society. (*People* v. *Hayko* (1970) 7 Cal.App.3d 604, 610 . . . .) [¶] . . . [S]ection 1203.2 provides the court may revoke probation if it has reason to believe that the person has violated any of the probation conditions. More lenient rules of evidence apply than at criminal trials (*People* v. *Fuller* (1983) 148 Cal.App.3d 257 . . .), and the facts supporting revocation need only be proved by a preponderance of the evidence (*People* v. *Rodriguez, supra,* 51 Cal.3d 437). Because the probation revocation hearing differs so substantially from a criminal prosecution, the corpus delicti rule is inapplicable." (*Ibid.*)

■ By parity of reasoning, we find the views expressed in *Monette* particularly relevant to our consideration of the accomplice corroboration rule of section 1111. By its own terms, section 1111 is only germane where the result of the proceeding would be a criminal "conviction." It cannot be said that a probation revocation results in a "conviction" because the probationer, by definition, has already been convicted and placed on probation. Moreover, the filing of a petition for revocation does not initiate a second criminal prosecution, nor is it intended to authorize criminal punishment because "the sole consequence of revocation of probation is that the offender must commence to serve a term for an offense of which he *previously* was properly convicted." (*In re Coughlin* (1976) 16 Cal.3d 52, 61 [127 Cal.Rptr. 337, 545 P.2d 249], italics in original.)

Appellant acknowledges that section 1111 refers, technically speaking, to a "conviction." However, citing *People* v. *Hamilton* (1989) 48 Cal.3d 1142 [259 Cal.Rptr. 701, 774 P.2d 730] (*Hamilton*), he notes that the general requirement of corroboration has been extended beyond the strict language

of the statute. ■ Because the court in *Hamilton* applied section 1111 to a capital case in which the special circumstance was based upon a crime other than the charged murder (48 Cal.3d at p. 1177), appellant urges that section 1111 should similarly extend to probation revocation findings which are based upon the probationer's commission of another crime.

The decision reached in *Hamilton*, requiring corroboration of accomplice testimony to prove a special circumstance crime, is derived from our Supreme Court's consideration of the corpus delicti rule. As the court explained: "Our treatment of the corpus delicti requirement in connection with special circumstances presents a close analogy. As we have observed, if the special circumstance requires proof of some crime other than the charged murder, the prosecution must prove the corpus delicti of that crime. (. . . *People* v. *Mattson* [(1984)] 37 Cal.3d 85 [207 Cal.Rptr. 278, 688 P.2d 887].) If, however, the special circumstance requires only proof of the defendant's motive for the murder or some other matter which does not constitute a separate criminal offense, proof of the corpus delicti is not required. [Citations.] [¶] *We adopt the same ·distinction here." (Hamilton, supra*, 48 Cal.3d at pp. 1176-1177, italics added.)

The extension of the corpus delicti rule to a felony-based special circumstance was the result of the court's interpretation of former section 190.4, subdivision (a) in *People* v. *Mattson* (1984) 37 Cal.3d 85 [207 Cal.Rptr. 278, 688 P.2d 887] (*Mattson*). Former section 190.4, subdivision (a), paragraph 2 provided in part: "Wherever a special circumstance requires proof of the commission or attempted commission of a crime, such crime shall be charged and proved *pursuant to the general law* applying to the trial and conviction of the crime." (Stats. 1977, ch. 316, § 12, p. 1260, italics added.)[2] In *Mattson*, defendant argued, and the court agreed, that the statute's reference to "general law" incorporated the corpus delicti rule generally applicable to proof of criminal offenses. (37 Cal.3d at pp. 93-94.) ■ Section 1203.2, governing probation revocations, has no similar requirement that the "general law" applicable to a criminal "conviction" should apply to probation revocation proceedings. Thus, we are not persuaded that the extension of this rule of law to the proof of special circumstance allegations is analogous to probation revocation proceedings.

Additionally, we point out that section 1203.2, subdivision (a) allows for a revocation of probation "if the interests of justice so require and the court,

---

[2]The present section 190.4, subdivision (a), paragraph 2 is virtually identical. However, section 190.41 prospectively repeals and overrules the holding of *Mattson, supra*, 37 Cal.3d 85. (See *People* v. *Mickle* (1991) 54 Cal.3d 140, 179, fn. 22 [284 Cal.Rptr. 511, 814 P.2d 290].)

in its judgment, has reason to believe . . . that the [probationer] has violated any of the conditions of . . . probation, . . . or has subsequently committed other offenses, *regardless whether he or she has been prosecuted for such offenses.*" (Italics added.) Because the commission of a new offense or disobedience of a condition of probation is expressly made grounds for revocation *regardless* of prosecution, the statute authorizes revocation of probation based upon a criminal offense that cannot be prosecuted for lack of proof. (See *Monette, supra,* 25 Cal.App.4th at p. 1575.) Logically, this would include offenses for which the accomplice corroboration rule bars a "conviction." (See *Maki, supra,* 39 Cal.3d at pp. 714-717; *Monette, supra,* at p. 1575.)

We also find persuasive a decision by the Texas Court of Criminal Appeals, *Dunn* v. *State* (1954) 159 Tex.Crim. 520 [265 S.W.2d 589, 591] (*Dunn*), in which it was held that the accomplice corroboration rule stated in the Texas statute (which is in pari materia with section 1111) did not apply to probation revocation proceedings: "[W]e express the conclusion that the Statute, Art. 718 C.C.P., providing that 'a conviction cannot be had upon the testimony of an accomplice unless corroborated' has no application to proof of the violation of a penal statute upon a revocation of probation hearing. The result of such a hearing is not 'a conviction[,'] but a finding upon which the trial judge may exercise his discretion by revoking or continuing the probation." (Accord, *Armstrong* v. *State* (1975) 294 Ala. 100 [312 So.2d 620, 624]; *Ellerson* v. *State* (1977) 261 Ark. 525 [549 S.W.2d 495, 498]; *Calvert* v. *State* (Iowa 1981) 310 N.W.2d 185, 187; *Frick* v. *State* (Okla.Crim.App. 1973) 509 P.2d 135, 136; *Howery* v. *State* (Tex.Crim.App. 1975) 528 S.W.2d 230, 233.)

Although appellant contends the statutory purpose behind section 1111 would best be served by extending its application to probation proceedings, we fail to perceive how any valid statutory purpose would be served by doing so. ■ Such an extension would also do great violence to a primary rule of statutory construction which mandates that when a statute is certain on its face, we not "interpret away clear language in favor of an ambiguity that does not exist." (*Campbell* v. *State Farm Mut. Auto. Ins. Co.* (1989) 209 Cal.App.3d 871, 875 [257 Cal.Rptr. 542]; *People* v. *Benson* (1998) 18 Cal.4th 24, 30 [74 Cal.Rptr.2d 294, 954 P.2d 557].)

■ As demonstrated by the record on appeal, experienced trial judges, unlike lay jurors, are well familiar with the possible risks inherent in

accomplice testimony.[3] Based upon the foregoing reasons, we decline to extend the rule requiring corroboration of accomplice testimony to probation violation hearings.

## III. DISPOSITION

The order of the trial court is affirmed.

Jones, P. J., and Haning, J., concurred.

A petition for a rehearing was denied February 11, 1999, and appellant's petition for review by the Supreme Court was denied May 12, 1999.

---

[3]For instance, the trial judge in this matter stated on the record that he was familiar with the possible problems affecting accomplice testimony in general, but that he nevertheless believed the accomplice's testimony in this specific case.