Filed 9/10/15  P. v. Decker CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062904 |
| v. | (Super.Ct.No. FVI1400211) |
| TIMOTHY ROBERT DECKER, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed.

Britton Donaldson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Timothy Robert Decker pled guilty to second degree robbery.  (Count 1; Pen. Code § 211.)[1]  Pursuant to defendant's plea agreement, the court

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

granted defendant three years' probation. Defendant's probation officer filed a petition for revocation of defendant's probation. After a contested hearing, the court found defendant in violation of his probation and sentenced defendant to the upper term of five years' imprisonment.

After counsel filed the notice of appeal, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and identifying four potentially arguable issues: (1) whether there was sufficient evidence to support the court's finding that defendant violated the terms of his probation; (2) whether the court awarded defendant the correct amount of custody credits; (3) whether the court abused its discretion in imposing the upper term of incarceration; and (4) whether defendant forfeited any sentencing challenge on appeal by failing to object below. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

On January 21, 2014, the People charged defendant by felony complaint with second degree robbery (count 1; § 211) and alleged defendant had suffered two prior prison terms (§ 667.5, subd. (b)). On January 30, 2014, defendant pled guilty to the count 1 offense and, on the People's motion, the court dismissed the prior prison term allegations.

Pursuant to defendant's plea agreement, the court sentenced defendant to three years' probation with various terms and conditions, including that he violate no law (term

2), cooperate with his probation officer in a plan of rehabilitation (term 4), and neither use nor possess controlled substances (term 10). On December 12, 2014, defendant's probation officer filed a petition for revocation of defendant's probation alleging he had violated terms 2, 4, and 10 of his probation.

On December 9, 2014, the probation officer conducted a probation compliance check at defendant's residence. During a search of the garage, the probation officer found numerous 12-gauge shotgun shells and several .38-caliber rounds, a violation of defendant's probation term that he violate no law (term 2). (Pen. Code, § 30305, subd. (a)(1) [possession of ammunition by prohibited person].) Defendant also admitted to smoking methamphetamine the previous day in violation of terms 2, 4, and 10 of his probation. (Health & Saf. Code, § 11550, subd. (a).) The probation officer noted that on three prior occasions defendant had admitted to using methamphetamine. The probation officer directed defendant to attend a program named "Changing Your Life for the Better." Defendant missed several meetings of the program. The probation officer's supplemental report recommended imposition of the upper term of five years' imprisonment and an award of 97 days of custody credit, consisting of 49 actual days and 48 days of conduct credit.

On January 27, 2015, the court held the contested probation revocation hearing. Defendant's probation officer testified that on December 9, 2014, defendant admitted using methamphetamine the previous day. The court noted the People "only proceeded on two of the three violations. One of those, by the way, had to do with possession of

3

ammunition, and we are not even going to touch that." The court found defendant in violation of his probation and revoked his probation.

The court sentenced defendant to the upper term of five years, explaining: "I used the aggravated term because of the fact your record shows you served two prior prison terms." The People indicated defendant should receive custody credits of "63 plus 63." The court queried: "Is that right. Isn't this a violent felony? Isn't it 85 percent he has to serve?" Defense counsel noted: "I believe he gets old [section] 4019 [credits] while he's here. Submit." The court awarded credit for 63 actual days plus nine days of conduct "credit under [section] 2933.1."

Defense counsel observed: "I believe he does have more credits than that, your Honor. Can we put this over for a credit memo?" The court ruled: "I'll put it on for a modification. I'll give him the 63 plus [nine] for a total of 72 [days], and you can have a further date where you get his calculation . . . and put it on."[2]

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues (*People v. Monette* (1994) 25 Cal.App.4th 1572, 1575 [the corpus delicti rule does not apply to probation revocation hearings such that a defendant's admission of a probation

---

[2] As of the filing of the notice of appeal on February 10, 2014, and the filing of the record on February 25, 2015, it appears no further hearing on defendant's custody credits had been held.

4

violation is sufficient evidence to revoke his probation]; §§ 2933.1, subd. (a) [defendant entitled to only 15 percent worktime credit when convicted of a violent felony], 667.5, subd. (c)(9) [robbery is a violent felony]; Cal. Rules of Court, rule 4.421(b)(3) [defendant's service of a prior prison term is a factor in aggravation relevant to the court's consideration of which term of incarceration to impose]; *People v. Scott* (1994) 9 Cal.4th 331, 352-353 [defendant forfeits contention that imposition of upper term sentence was error by failing to object below]).

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>KING</u>
                                                                J.

We concur:

<u>McKINSTER</u>
            Acting P. J.

<u>CODRINGTON</u>
            J.