Filed 4/22/16  P. v. Reyes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARICELA  REYES,<br><br>    Defendant and Appellant. | 2d Crim. No. B267290<br>(Super. Ct. No. 2010013728)<br>(Ventura County) |

Maricela Reyes appeals from an August 6, 2015 order to serve 45 days county jail, entered after the trial court found that appellant violated her Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq.)[1]  Appellant contends, among other things, that her due process rights were violated because she was not provided a *Morrissey*-compliant probable cause hearing (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*).)  We affirm.

*Procedural History*

In 2010, appellant pled guilty to possession of a firearm by a felon (§ 12021, subd. (a)(1)), eight counts of unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), and one count of receiving stolen property (§ 496, subd. (a).)  The trial court found true a prior prison term enhancement (§ 667.5, subd. (b)), and sentenced appellant to nine years state prison.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Appellant was released from prison on September 9, 2014 and arrested on July 22, 2015 for violating PRCS. On July 23, 2015, appellant was provided a "Postrelease Community Supervision Advisement of Rights and Acknowledgment Revocation" form which stated that the Ventura County Probation Agency recommended 90 days county jail. Appellant refused to waive her rights. The hearing officer, Senior Deputy Probation Officer Venessa Meza, conducted a probable cause hearing and found there was probable cause to believe that appellant violated PRCS.

On July 31, 2015, nine days after appellant's arrest, a petition to revoke PRCS was filed in superior court. (§ 3455, subd. (a).) Appellant appeared with counsel and filed a motion to dismiss, arguing that the PRCS revocation procedure violated her due process rights. (*Williams v. Superior Court* (2014) 230 Cal.App.4th 636.) The trial court denied the motion, found that appellant had violated her PRCS terms, and ordered appellant to serve 45 days county jail with 32 days credit.

*Neutral Hearing Officer*

The Criminal Justice Realignment Act of 2011 requires that PRCS revocations "incorporate the procedural due process protections held to apply to probation revocation procedures under *Morrissey v. Brewer* (1972) 408 U.S. 471, and *People v. Vickers* (1972) 8 Cal.3d 451, and their progeny." (Vol. 6 West's Cal. Legislative Service (Stats. 2012, ch. 43, § 2(b), p. 1969.) *Morrissey, supra*, 408 U.S. 471 [33 L.Ed.2d 484], delineates basic due process requirements for the revocation of parole, which includes the right to a probable cause hearing before a neutral hearing officer. "Due process requires that after the arrest, the determination that reasonable ground exists for revocation of parole should be made by someone not directly involved in the case." (*Id.*, at p. 485 [33 L.Ed.2d at p. 497].)

Appellant claims that the hearing officer (Senior Deputy Probation Officer Meza) was not "a neutral uninvolved entity qualified to provide a fair probable hearing." We reject the argument because Meza was not appellant's supervising probation officer and did not make the arrest or prepare the PRCS revocation report. The trial court correctly found that there was no *Morrissey* violation. (See *Morrissey, supra*, 408 U.S. at

2

p. 485 [33 L.Ed.2d at p. 497] [probable cause determination should be made by someone "not directly involved in the case"]; *Williams, supra,* 230 Cal.App.4th at p. 647 [same].) Appellant makes no showing that the Meza was biased or denied appellant a fair hearing.

Appellant argues that the probable cause hearing was a "custodial situation" and that appellant should have been advised of her *Miranda* right to seek the advice of counsel. *Miranda* does not apply to probation revocation hearings. (*Minnesota v. Murphy* (1984) 465 U.S. 420, 430-431 & 435, fn. 7 426 [79 L.Ed.2d 409, 421 & 425, fn. 7]; *People v. Santana* (1982) 134 Cal.App.3d 777, 786.)  When a probationer is subject to custodial interrogation regarding a condition of probation, there is no Fifth Amendment privilege against self-incrimination. (*People v. Monette* (1994) 25 Cal.App.4th 1572, 1575-1576.)

*Late Filing of Revocation Petition*

Appellant argues that her due process rights were violated because the hearing officer (Meza) asked appellant to sign a waiver of rights before the PRCS revocation petition was filed.  Violation of PRCS can result in immediate sanctions including flash incarceration for up to 10 days. (§ 3454, subd. (b).)  If the supervising county agency determines that intermediate sanctions are not appropriate, it "shall petition the court pursuant to Section 1203.2 to revoke, modify, or terminate postrelease community supervision." (§ 3455, subd. (a).)

Section 3455, subdivision (a) provides that "[a]t any point during the process initiated pursuant to this section, a person may waive, in writing, his or her right to counsel, admit the violation of his or her postrealease community supervision, waive a court hearing, and accept the proposed modification of his or her postrelease community supervision."  Appellant construes the phrase "at any point during the process" to mean that the filing of the petition to revoke PRCS starts the "process."  Under appellant's construction of the Realignment Act, a waiver of rights may not be solicited before the petition to revoke PRCS is filed.  We disagree.

The supervising agency is not permitted to file the petition to revoke PRCS until it determines that intermediate sanctions are not appropriate. (§ 3455, subd. (a).)

3

After the hearing officer makes a probable cause finding that PRCS was violated, the individual is asked whether he or she agrees to the recommended PRCS modification and waives his or her rights. (*Ibid*.) If the individual agrees to the modification, the matter "proceed[s] to court for the entry of the order of modification, but the supervised person is not required to attend the proceedings. Nothing in the statutory scheme would preclude the probation officer from preparing a 'package' for simultaneous filing, which would contain the petition, the executed waiver of appearance and admission, and the proposed order of modification." (Couzens et al., Sentencing California Crimes, Sentencing After Realignment (Rutter 2015) § 11:86, pp. 11-141 to 11-142.)

Assuming, arguendo, there was a procedural irregularity in soliciting a waiver of rights before the petition was filed, appellant suffered no harm. Appellant refused to waive her rights and was provided counsel before the PRCS revocation hearing. The court may not set aside PRCS revocation unless the alleged procedural error prejudiced appellant. (See e.g., *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238; *In re Coughlin* (1976) 16 Cal.3d 52, 61; *In re Winn* (1975) 13 Cal.3d 694, 698-699.) Appellant makes no prejudice showing.

Appellant argues that the hearing officer's attempt to obtain a waiver of rights was coercive. Had appellant signed the waiver, she would have standing to raise the issue. Appellant refused to waive her rights and appeared with counsel to dismiss the petition, but did not argue that the solicitation to waive rights was coercive. Having suffered no harm, appellant is precluded from raising the procedural issue (i.e., whether a waiver of rights can be solicited before the PRCS revocation petition is filed) for the first time on appeal. Appellant argues that she was not provided assistance of counsel at the probable cause hearing, but there is no statutory or due process right to appointed counsel before the petition to revoke PRCS is filed. (See §§ 3455, subd. (a); 1203.2, subd. (b)(2).)

4

*Conclusion*

We conclude that the PRCS revocation procedures here utilized are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393. We follow our own precedent. Although PRCS revocations are subject to *Morrissey* minimum due process standards, there is no statutory or due process requirement that the PRCS and parole systems use the same revocation procedure. As discussed in *Morrissey,* "[w]e cannot write a code of procedure; that is the responsibility of each state. Most states have done so by legislation, others by judicial decision usually on due process grounds. Our task is limited to deciding the minimum requirements of due process." (*Morrissey*, *supra*, 408 U.S. at pp. 488-489, fn. omitted [33 L.Ed.2d at pp. 498-499].)

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

5

David R. Worley, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.