Filed 9/29/23 P. v. Ware CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080353 |
| v. | (Super.Ct.No. BPR2201060) |
| ALPHONSO WARE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sylwia Luttrell,

Temporary Judge.  (Pursuant to Cal. Const., art VI, § 21.)  Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Susan Sullivan Pithey, Assistant Attorney General, Roberta L. Davis and David

A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Alphonso Ware appeals from a judgment revoking his parole and remanding him to the Department of Corrections and Rehabilitation for further parole consideration pursuant to Penal Code section 3000.8, subdivision (h).[1] Defendant was under parole supervision following his release from state prison upon a conviction for second degree murder (§ 187, subd. (a)) for which an indeterminate sentence of 17 years to life in prison was imposed. After being released on parole for approximately three years, defendant was arrested for driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and driving without a valid driver's license. (Veh. Code, § 12500, subd. (a).) The court found defendant was in violation of his special conditions and revoked his parole. Defendant appealed.

On appeal, defendant argues (a) there is insufficient evidence he was driving while intoxicated; (b) insufficient evidence he drove without a valid license; (c) his counsel provided ineffective assistance by failing to object to evidence of defendant's blood alcohol level and the evidence of his unlicensed status; and (d) reversal of the drunk driving allegation requires remand for reconsideration of the revocation of parole. We affirm.

## BACKGROUND

In 1989, defendant was convicted of second degree murder with an enhancement for use of a firearm, for which he received a sentence 17 years to life, with possibility of parole. On October 9, 2019, defendant was released on parole subject to certain special

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

conditions, including conditions that he "shall not engage in conduct prohibited by law (state, federal, county, or municipal)", as well as special conditions prohibiting consumption, possession or having access to alcohol in any form. For approximately three years, defendant incurred no violations of his parole and had no substance abuse issues.

On August 27, 2022, at 1:53 a.m., defendant was observed driving in a black Honda Insight, eastbound on State Route 91, west of the Tyler Street offramp by a California Highway Patrol officer. The officer observed defendant for approximately three miles and noticed defendant weaving between lanes three or four times and following another car too closely. The officer instructed defendant to exit the freeway and initiated a traffic stop; defendant, the only occupant of the vehicle, exited the freeway and pulled over to a stop.

The officer approached defendant, and, through the driver's door window, the officer detected a strong odor of alcohol and noticed defendant's eyes were red and watery. The defendant provided a California Identification Card; information provided to the officer by dispatch revealed that defendant did not have a valid driver's license. The officer asked defendant to exit the vehicle because he suspected defendant was under the influence of alcohol.

The defendant informed the officer he was returning home to Moreno Valley after working in Orange County. He admitted consuming two 12-ounce Michelob Ultras between 6:30 and 8:30 p.m. The officer conducted a horizontal gaze nystagmus test, and

3

the results were indicative of alcohol intoxication. The officer demonstrated and asked defendant to perform a one-leg stand but defendant responded by saying, "Just take me to jail," and informed the officer he was on parole.

The officer, after observing the defendant for 15 minutes, obtained defendant's agreement to perform a voluntary preliminary alcohol screening test (PAS), taking the first breath sample at 2:06 a.m. and the second sample at 2:08 a.m.[2] The result of the first sample indicted defendant's blood alcohol by breath was 0.162 percent, while the second sample yielded a result of 0.176 percent.

After the second sample was obtained, the officer placed defendant under arrest for driving under the influence of alcohol. The officer then offered defendant a chemical test and defendant elected to submit to a breath test. Using the same device with the evidentiary settings, the first breath test indicated that at 2:18 a.m., defendant's blood alcohol level was 0.16, and a second test administered at 2:21 a.m. indicated the same blood alcohol level. The officer then transported defendant to jail.

On September 28, 2022, a petition for revocation of parole was filed by the Division of Adult Parole Operations of the Department of Corrections and Rehabilitation, alleging defendant violated the special condition of parole requiring defendant to avoid engaging in conduct violating any state, federal, county or municipal law by (1) driving under the influence of alcohol or drugs, in violation of Vehicle Code section 23152,

---

[2] The PAS device has two settings, one is a screening setting for preliminary assessments of alcohol, and another is an evidentiary setting for results to be offered into evidence in a court.

4

subdivision (a), and (2) driving without a license, in violation of Vehicle Code section 12500, subdivision (a).

Defendant denied the petition and an evidentiary hearing was conducted on December 8, 2022. After hearing the testimony of witnesses and hearing arguments of counsel, the court found defendant in violation of his conditions of parole, revoked his parole, and remanded defendant to the CDCR for further parole consideration pursuant to section 3000.8, subdivision (h).

On December 13, 2022, defendant timely appealed.

## DISCUSSION

Defendant challenges the decision to revoke his parole. Along the way, he argues there is insufficient evidence to support two of the stated grounds for finding defendant was in violation of the conditions of his parole.

In order to revoke parole, the finder of fact must determine by a preponderance of the evidence that the parolee violated the condition alleged in the petition for revocation. (*Morrissey v. Brewer* (1972) 408 U.S. 471, 488-490 [92 S. Ct. 2593, 33 L. Ed. 2d 484]; *People v. Rodriguez* (1990) 51 Cal.3d 437, 441 (*Rodriquez*); *In re Prewitt* (1972) 8 Cal.3d 470, 473-474.) Trial courts have broad discretion in determining whether a probationer or parolee has violated any conditions of probation. (See *Rodriguez, supra*, at p. 443.) We review an order revoking parole for abuse of discretion. (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.) The facts supporting a parole revocation must be proved by a preponderance of the evidence. (*Rodriguez, supra*, at p. 441.)

5

Section 1203.2 provides the court may revoke probation if it has reason to believe that the person has violated any of the probation conditions.  More lenient rules of evidence apply than at criminal trials [citation], and the facts supporting revocation need only be proved by a preponderance of the evidence.  [Citation.]" (*People v. Monette* (1994) 25 Cal.App.4th 1572, 1575.)  "'[T]he standard of proof used in a criminal trial, namely the "beyond a reasonable doubt" standard . . . [,] is inapplicable to the probation revocation hearing.  [Citations.]'  [Citation.]" (*Rodriguez, supra,* at p. 445.)

1.    *Substantial Evidence to Support the Drunk Driving Allegation*

Defendant argues there is insufficient evidence to support the claim he violated probation by driving while under the influence of alcohol because the officer who obtained his blood alcohol tests did not comply with Title 17 of the California Code of Regulations regarding the administration of PAS and chemical breath tests for blood alcohol levels.  We disagree.

"We review a probation or a parole revocation decision pursuant to the substantial evidence standard of review." (*People v. Urke* (2011) 197 Cal.App.4th 766, 773, citing *People v. Superior Court* (*Jones*) (1998) 18 Cal.4th 667, 681 (*Jones*).)

"The standard is deferential:  'When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination.'  [Citation.]" (*Jones, supra,* 18 Cal.4th at p. 681, italics omitted.)

6

Section 1203.2, subdivision (a) confers great flexibility upon judges making the probation revocation determination. Evidence that a probationer has committed another criminal offense during the period of his probation is admissible at a revocation hearing despite the probationer's having been acquitted of the criminal charge at trial. (*In re Coughlin, supra,* 16 Cal.3d at p. 58.) This is because, "[a]s the language of section 1203.2 would suggest, the determination whether to grant or revoke probation is largely discretionary." (*Coughlin, supra,* at p. 56, citing *In re Larsen* (1955) 44 Cal.2d 642, 645, and *In re Davis* (1951) 37 Cal.2d 872, 875 [disagreed with on a different point in *People v. Vickers* (1972) 8 Cal.3d 451, 455]; see also *Rodriguez, supra*, 51 Cal.3d at p. 443.)

In the present case, the petition to revoke defendant's parole did not allege he was driving with a blood alcohol level of 0.08 or above, pursuant to Vehicle Code section 23152, subdivision (b). Instead, it alleged he was driving under the influence of alcohol, within the meaning of section 23152, subdivision (a). The generic offense of "driving under the influence" of alcohol does not require proof of any specific blood alcohol level; it simply requires proof the defendant's driving was impaired by the effects of alcohol. (*People v. McNeal* (2009) 46 Cal.4th 1183, 1197.) In a generic DUI case, Vehicle Code section 23610 creates a rebuttable presumption that the defendant was under the influence of alcohol if a chemical test measures his blood-alcohol concentration at 0.08 percent or higher. (*McNeal, supra*, at p. 1197.) The inclusion of subdivision (b) of Vehicle Code section 23152, was to establish a basis for a violation without having to show driver impairment. (*McNeal, supra*, at p. 1197.) In the present case, the record adequately

7

proves defendant's driving was impaired. Evidence of blood alcohol test results was surplusage.

In the present case, there was sufficient evidence showing defendant's driving was impaired: he weaved between lanes several times and followed the car ahead of him too closely. In addition, when instructed to exit the freeway and turn right, defendant turned left before coming to a stop. This alone was sufficient to establish the requisite degree of proof that defendant violated his parole conditions.

Further, defendant admitted consuming alcohol, a violation of the special condition of parole prohibiting him from consuming alcohol and he was unable to complete the field sobriety tests.

Finally, any arguments challenging the manner in which the breath tests were conducted were forfeited by defendant's failure to raise the issues at the hearing. "In order to preserve an issue for appeal, a party ordinarily must raise the objection in the trial court." (*In re S.C.* (2006) 138 Cal.App.4th 396, 406, citing *In re S.B.* (2004) 32 Cal.4th 1287, 1293.) "The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law." (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468; see also, *In re Dakota S*. (2000) 85 Cal.App.4th 494, 501.)

There was ample evidence to support the court's finding defendant violated the conditions of parole. The trial court did not abuse its discretion by finding defendant in violation of his parole based on his driving under the influence of alcohol.

2.    *Substantial Evidence to Support the Driving Without A License Allegation.*

Defendant also challenges the adequacy of proof that defendant was driving while unlicensed, complaining there was inadequate foundation for admission of the officer's testimony he obtained information about defendant's license status from dispatch. We disagree.

First, without repeating ourselves, we point out that defendant forfeited any error by failing to object to the officer's testimony on the ground it lacked foundation. Second, we find no error in the officer's reliance on information relayed through official channels, insofar as it was offered to establish probable cause to arrest defendant for the violation and was not proffered for a hearsay purpose.

Officers act reasonably in relying upon information from computerized databases in making an arrest or conducting a search, provided there is no showing the records were deliberately or recklessly maintained. (See *Arizona v. Evans* (1995) 514 U.S. 1, 16 [115 S.Ct. 1185, 131 L.Ed.2d 34] [officer acted objectively reasonably when he relied upon the police computer record]; *Herring v. United States* (2009) 555 U.S. 135, 140, 143 [search and seizure violation caused by officers reliance on incorrect warrant records did not require suppression unless the officers knew the information was incorrect when they relied upon it].)

9

While the fact the officer received the evidence from a dispatcher, an out of court declarant, it was not offered for a hearsay purpose; it was offered as relevant to show the effect the information had on the officer in making the arrest. (Evid. Code, § 1200, [hearsay is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated].) The information relayed by dispatch to the officer about the status of defendant's driving privileges provided probable cause to believe the violation occurred. But even if offered for a hearsay purpose, any error would be harmless because the defendant admitted he was wrong in driving without a license.

We note that defendant makes no attempt to argue the information that was relayed was unreliable or incorrect. This is no doubt due to the fact defendant admitted he drove while unlicensed. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

Having failed to make an objection to admission of the evidence that the officer received from dispatch information that defendant did not have a valid license, either on the ground there was inadequate foundation or on hearsay grounds, any claim of error was forfeited. The trial court's finding of the parole violation was proper and there was substantial evidence to support the finding.

    3.     *Defendant Was Not Deprived of Effective Assistance of Counsel*

Defendant, recognizing the forfeiture of the above claims, argues he was deprived of effective assistance of counsel for his attorney's failure to object. We disagree.

10

The law governing claims of ineffective assistance of counsel is well-settled.  The federal and state Constitutions guarantee criminal defendants the right to adequate representation by counsel.  (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; *People v. Vines* (2011) 51 Cal.4th 830, 875, overruled on another ground as stated in *People v. Hardy* (2018) 5 Cal.5th 56, 104.)  To prevail on a claim of ineffective assistance of counsel, a defendant must show both "that counsel's performance was deficient," such that "counsel was not functioning as the 'counsel' [constitutionally] guaranteed," and "that the deficient performance prejudiced the defense."  (*Strickland v. Washington* (1984) 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674; *People v. Centeno* (2014) 60 Cal.4th 659, 674.)

In the absence of such a showing, we presume that """"counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." [Citation.]'"  (*People v Bell* (2019) 7 Cal.5th 70, 125.)  "[D]eciding whether to object is inherently tactical, and the failure to object will rarely establish ineffective assistance."  (*People v. Maury* (2003) 30 Cal.4th 342, 419, citing *People v. Hillhouse* (2002) 27 Cal.4th 469, 502; *People v. Scott* (1997) 15 Cal.4th 1188, 1223.)  Thus, "[i]f the record 'sheds no light on why counsel acted or failed to act in the manner challenged,' an appellate claim of ineffective assistance of counsel must be rejected 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.' [Citations.]"  (*People v. Ledesma* (2006) 39 Cal.4th 641, 746.)  "[D]eciding whether to

11

object is inherently tactical, and the failure to object will rarely establish ineffective assistance." (*People v. Maury* (2003) 30 Cal.4th 342, 419, citing *People v. Hillhouse* (2002) 27 Cal.4th 469, 502; *People v. Scott* (1997) 15 Cal.4th 1188, 1223.)

Additionally, in the absence of prejudice, the reviewing court may reject the claim of ineffective assistance of counsel without reaching the issue of deficient performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 697; see *In re Fields* (1990) 51 Cal.3d 1063,1079.)

Here, defendant admitted the conduct that formed the basis for the parole violation. Whether or not counsel objected to the claimed evidentiary errors, and even if the evidence had been excluded upon a timely objection, it is not reasonably likely that a different result would have occurred.

Counsel provided constitutionally effective assistance.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

12