Filed 8/20/24  P. v. Roberts CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br>v.<br><br>MICHAEL LAWRENCE ROBERTS,<br><br>　　　Defendant and Appellant. | A168954<br><br><br>(San Mateo County<br>Super. Ct. No. 23SF011707A) |

Defendant Michael Lawrence Roberts appeals from an order entered on August 9, 2023, where the trial court, after hearing evidence during a jury trial and based on its own observation, found him in violation of his postrelease community supervision (PRCS) and revoked it.  Since the revocation of defendant's PRCS was supported by a preponderance of the evidence and not otherwise an abuse of discretion, the order of the trial court is affirmed.

## BACKGROUND

On May 20, 2022, defendant was convicted of violating Penal Code section 245, subdivision (a)(4) and sentenced to two years in prison.  On April 6, 2023, defendant was released on PRCS.  On July 5, 2023, the People filed a complaint against defendant, charging defendant with a violation of Penal Code sections 242 and 148, subdivision (a)(1).  Both counts were misdemeanors.  On July 14, 2023, a deputy probation officer filed with the

1

superior court a petition for revocation of PRCS on the grounds that defendant was charged with two misdemeanors and failed to inform the supervising county agency representative of his arrest.

During defendant's misdemeanor trial, the People called the victim to testify. While on the stand, the victim stated: "[Defendant] told me that he spent like 17 years in jail and that it doesn't matter if he have [*sic*] to come back again." The People immediately moved to strike the statement, and defense counsel immediately objected. During a sidebar conversation and later on the record, defense counsel moved for a mistrial on the grounds that the statement was "unduly prejudicial and has tainted this trial." The judge denied the mistrial at the sidebar and later on the record. On August 9, 2023, the jury found defendant guilty on both counts. After the jury was dismissed, the court also found defendant in violation of his PRCS and revoked it, stating: "[B]ased not just on the finding of the jury, but my own review of the evidence, I'm also going to find, then, the defendant is in violation of his PRCS based on the conduct that was presented through the trial that the Court observed."

On October 3, 2023, defendant filed his notice of appeal with the superior court, stating, "This appeal is after a contested violation of probation. (Pen. Code, § 1237(b).)"

## DISCUSSION

As an initial matter, defendant confuses the issue in front of this court. Although defendant's notice of appeal identifies only the trial court's order of August 9, 2023, to revoke his PRCS, in appellate briefing he asks this court to review the trial court's denial of his motion for mistrial, made during his misdemeanor trial. For reasons explained *post*, we decline to do so. The only

2

issue properly before this court on appeal is whether the trial court abused its discretion when it revoked defendant's PRCS.

**I.** ***The order appealed from is the revocation of defendant's PRCS and not the order denying defendant's mistrial motion in the underlying misdemeanor case.***

The jurisdiction of the Court of Appeal " ' "is limited in scope to the notice of appeal and the judgment or order appealed from." ' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.) The Court of Appeal has " 'no jurisdiction over an order not mentioned in the notice of appeal.' " (*Ibid.*) Generally, the courts must liberally construe a notice of appeal in favor of its sufficiency. (Cal. Rules of Court, rule 8.100(a)(2).)

However, " '[i]t is well "beyond liberal construction" to view an appeal from one order as an appeal from a "further and different order." [Citation.] "Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed." [Citation.] "The rule favoring appealability in cases of ambiguity cannot apply where there is a clear intention to appeal from only . . . one of two separate appealable judgments or orders." ' " (*In re J.F., supra*, 39 Cal.App.5th at p. 76, quoting *Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 225–226.)

In this case, defendant's October 3, 2023, notice of appeal expressly states, "This appeal is after a contested violation of probation. (Pen. Code, § 1237(b).)" We cannot liberally construe defendant's notice of appeal to also embrace the trial court's denial of his motion for mistrial made during the misdemeanor trial. And even if we could do so, the proper forum for a defendant to seek review of a trial court's ruling made during a misdemeanor trial is the appellate division of the superior court, rather than this court. (Pen. Code, §§ 1235, subd. (b), 1466.) As a result, we disregard defendant's

3

arguments in briefing related to his misdemeanor trial and turn to the only issue at hand: whether the trial court erred in revoking defendant's PRCS.

## II. *Standard of Review.*

An order revoking probation is reviewed under the abuse of discretion standard. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 442.) The trial court's factual findings are reviewed for substantial evidence. (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.) The same standards apply to an order revoking PRCS. (*People v. Gonzalez* (2017) 7 Cal.App.5th 370, 381, overruled in part on another ground in *People v. Deleon* (2017) 3 Cal.5th 640, 646.)

## III. *The court did not abuse its discretion when it revoked defendant's PRCS because the revocation was supported by a preponderance of the evidence.*

PRCS is governed by Penal Code section 3455. "At any time during the period of [PRCS], if a peace officer has probable cause to believe a person subject to [PRCS] is violating any terms or condition of his or her release, the officer may, without a warrant or other process, arrest the person and bring him or her before the supervising county agency . . . ." (Pen. Code, § 3455, subd. (b)(1); *People v. Gonzalez, supra*, 7 Cal.App.5th at p. 379.) If the supervising county agency determines that intermediate sanctions are not appropriate, the agency shall petition the court pursuant to Penal Code section 1203.2 to revoke, modify, or terminate PRCS. (*Id.*, § 3455, subd. (a); *Gonzalez*, at p. 379.) Penal Code section 1203.2, subdivision (b) authorizes the court or parties to bring a motion for modification, revocation, and termination of supervision "pursuant to this subdivision . . . ." (*Id.*, § 1203.2, subd. (b)(1).) The petition must include a written report from the supervising county agency that explains "the relevant terms and conditions of [PRCS], the circumstances of the alleged underlying violation, the history and

4

background of the violator, and any recommendations." (Pen. Code, § 3455, subd. (a); see Cal. Rules of Court, rule 4.541(c).)

"[T]he court may revoke and terminate the supervision of the person if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of their supervision, or has subsequently committed other offenses, regardless of whether the person has been prosecuted for those offenses." (Pen. Code, § 1203.2, subd. (a).)

Here, the petition for PRCS revocation alleges defendant violated the conditions of his PRCS by engaging in conduct prohibited by law on July 4, 2023, when defendant allegedly pushed the victim "four or five times in the chest and back during a verbal altercation" and resisted an officer. As a result of the events of July 4, 2023, defendant was charged with violating Penal Code sections 242 and 148, subdivision (a)(1). Furthermore, defendant also failed to inform the supervising county agency representative of his arrest.

During defendant's misdemeanor trial for the Penal Code section 242 and section 148, subdivision (a)(1) violations, the court heard evidence which supported a finding that defendant violated the terms of his PRCS. First, the victim identified defendant as the individual who allegedly pushed him three times during a verbal altercation. Second, the incident, which was the focal point of the victim's testimony, was caught on camera and the victim verified that the people observed on the video were the victim and defendant. Third, the responding officer identified defendant as one of the two people involved in the altercation. The People additionally played the police officer's body camera footage, which displayed that after the officer informed defendant

5

that he was detained, defendant resisted the detainment by starting to back away from the officer and telling the officer he was leaving.

As stated, a trial court's order revoking PRCS is reviewed under the abuse of discretion standard. (*People v. Rodriguez, supra*, 51 Cal.3d at p. 442.) To establish abuse of discretion, a defendant must demonstrate the trial court's decision fell outside the bounds of reason, i.e., was arbitrary, capricious, or patently absurd. (*People v. Johnson* (2022) 12 Cal.5th 544, 605–606.) A trial court abuses its discretion when its factual findings are not supported by the evidence or its decision is based on an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156.) In this case, the trial court did not abuse its discretion since, as stated *ante*, there was ample evidence (including witness testimony and video evidence) presented to the court that defendant engaged in the conduct set forth in the probation officer's report. Thus, the trial court's decision to revoke defendant's PRCS did not fall " ' "outside the bounds of reason." ' " (*Johnson*, at pp. 605–606.)

In reaching this conclusion, we note that probation violations are independent of a finding of guilt or innocence by the jury, since the role of the trial court at a probation revocation hearing is to determine whether a defendant should be allowed to remain in society. (*People v. McGavock* (1999) 69 Cal.App.4th 332, 337.) The facts supporting revocation need only be proved by a preponderance of the evidence. (*Ibid.*) In this case, when the judge revoked defendant's PRCS, he stated: "[B]ased not just on the finding of the jury, but my own review of the evidence, I'm also going to find, then, the defendant is in violation of his PRCS based on the conduct that was presented through the trial that the Court observed." Thus, even if the trial court had granted defendant's motion for mistrial in his misdemeanor case, the trial court could still have reasonably found based on a preponderance of

6

the evidence that defendant violated the terms of his PRCS.  Accordingly, because the trial court's decision to revoke defendant's PRCS was supported by a preponderance of the evidence and not an abuse of discretion, we affirm.

## DISPOSITION

The trial court's decision to revoke defendant's PRCS is affirmed.


Jackson, P. J.


WE CONCUR:

Simons, J.
Burns, J.


A168954/*People v. Michael Lawrence Roberts*